## Robert WATSON *v.* STATE of Arkansas

CA CR 94-209                                902 S.W.2d 253

Court of Appeals of Arkansas
Division I
Opinion delivered June 28, 1995

*Thomas A. Potter*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant was convicted in a jury trial of delivery of a controlled substance and sentenced to twenty-five years in the Arkansas Department of Correction and fined $25,000. On appeal, he argues that the trial court erred in excluding the testimony of his defense witness. We agree and reverse and remand.

During jury selection at the appellant's trial, each party was asked to identify its witnesses. The prosecutor announced its potential witnesses and the appellant's counsel indicated that he did not intend to call any witnesses. After the jurors were chosen, the trial court proposed administering the oath to all the potential witnesses. The trial court asked the appellant's counsel whether he had any witnesses who needed to be sworn. The appellant's counsel responded that he did have a witness who needed to be sworn and explained that he had just been notified of the witness. The trial court then directed this witness to take the oath with the other potential witnesses. The witness was

apparently not identified, and the prosecution did not object or inquire about the witness or his identity.

At the conclusion of the State's case, the appellant's counsel indicated that he planned to call this witness, Mr. Jerry King, to testify. This was the only witness the appellant called on his behalf. The prosecutor objected to Mr. King's testimony because the witness had not been disclosed during the jury voir dire or discovery. The trial court subsequently allowed the prosecutor to voir dire Mr. King to determine the nature of his testimony. Mr. King testified that he is the appellant's brother and was present in the appellant's house on the night the appellant allegedly sold cocaine to an undercover officer. He testified to events of that night and stated that the appellant did not sell any drugs to the officer. The prosecution objected to the witness's testimony on the grounds that the witness was an alibi witness rather than a rebuttal witness. The trial court refused to allow Mr. King to testify on the finding that he should have been disclosed to the prosecution.

We find the trial court erred in excluding Mr. King's testimony. The appellant argues and the State concedes that the record does not disclose that the prosecutor requested discovery from the appellant. Arkansas Rule of Criminal Procedure 18.3 provides the applicable discovery rule in criminal cases:

> Subject to constitutional limitations, the prosecuting attorney shall, upon request, be informed as soon as practicable before trial of the nature of any defense which defense counsel intends to use at trial and the names and addresses of persons whom defense counsel intends to call as witnesses in support thereof.

Thus, without a showing that the prosecutor actually requested information regarding the appellant's defense and potential witnesses pursuant to Rule 18.3, it was error to sanction the appellant for not providing this information to the prosecutor. We therefore reverse and remand for proceedings consistent with this opinion.

Reversed and remanded.

ROBBINS and MAYFIELD, JJ., agree.